IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ANTHONY BRODZKI,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　Defendant. | CIVIL NO. 12-00398 HG-RLP<br><br>FINDINGS AND RECOMMENDATION THAT PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES BE DENIED |

FINDINGS AND RECOMMENDATION THAT PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES BE DENIED[1]

On July 16, 2012, *pro se* Plaintiff Anthony Brodzki ("Plaintiff") filed his Complaint against the United States of America ("United States"). Before the Court is Plaintiff's Application to Proceed Without Prepayment of Fees and Affidavit ("Application"), which was filed on the same day.

The Court finds this matter suitable for disposition without a hearing pursuant to LR 7.2(d) of the Local Rules of Practice for the United States District Court for the District of Hawaii. Based on the following, and after careful consideration of Plaintiff's Application, the Complaint, and the supporting

---

[1] Within fourteen (14) days after a party is served with a copy of the Findings and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1)(B), file written objections in the United States District Court. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the Findings and Recommendation. If no objections are filed, no appellate review will be allowed.

declaration attached thereto, the Court HEREBY FINDS AND RECOMMENDS that Plaintiff's Application be DENIED.

## LEGAL STANDARD

Plaintiff requests that the Court permit him to proceed *in forma pauperis* ("IFP"). Federal courts may authorize the commencement or prosecution of any suit without prepayment of fees by a person who submits an affidavit that the person is unable to pay such fees pursuant to 28 U.S.C. § 1915(a)(1) of the Prisoner Litigation Reform Act. "[A]n affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." Adkins v. E.I. Du Pont de Nemours & Co., Inc., 335 U.S. 331, 339 (1948) (quotations omitted); see also United States v. McQuade, 647 F.2d 938, 940 (9th Cir. 1981) (quotations omitted) (the affidavit must "state the facts as to affiant's poverty with some particularity, definiteness and certainty").

Since Plaintiff is appearing *pro se*, the court must liberally construe his pleadings. Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987) (citing Boag v. MacDougall, 454 U.S. 364, 365 (1982)) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants."). Despite the liberal *pro se* pleading standard, however, the court must subject each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and order

the dismissal of any claim it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief."  28 U.S.C. § 1915(e)(2)(B); <u>Lopez v. Smith</u>, 203 F.3d 1122, 1127 (9th Cir. 2000) (stating that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an *in forma pauperis* complaint that fails to state a claim); <u>Calhoun v. Stahl</u>, 254 F.3d 845, 845 (9th Cir. 2001) (holding that the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners).

## ANALYSIS

**A. The Court Lacks Subject Matter Jurisdiction Over Plaintiff's Complaint**

Plaintiff's Complaint alleges that, in 1968-1970, when Plaintiff was seven to nine years old, government employees horribly and sadistically raped him.  Plaintiff alleges that these rapes occurred in Chicago, Illinois, but that he has filed a lawsuit in California, where some of the rapists allegedly moved.  Plaintiff states that other rapists, specifically "John Doe, delgado and one of the morales" live in Hawaii.  Plaintiff further states that he wishes "to sue the justice department for allowing [him] to be raped by their employees," and seeks monetary damages of $50,000,000 along with a temporary restraining order against the justice department.

As an initial matter, the Court considers whether it has subject matter jurisdiction over this action. The Court concludes that it does not. Plaintiff names only the United States as a defendant and asks to sue the "justice department" in the body of his Complaint. It is well settled that the United States, as a sovereign, is immune from suit unless it has expressly waived its immunity and consented to being sued. <u>Gilbert v. DaGrossa</u>, 756 F.2d 1455, 1458 (9th Cir. 1985). Where, as here, the United States has not consented to suit, dismissal is required. <u>Id.</u> Moreover, any lawsuit against an agency of the United States, such as the Department of Justice ("DOJ"), is considered an action against the United States and is similarly barred. <u>Sierra Club v. Whitman</u>, 268 F.3d 898, 901 (9th Cir. 2001). Plaintiff has not established that the United States or the DOJ has waived its sovereign immunity. Therefore, Plaintiff's Complaint should be dismissed and Plaintiff's Application should be denied.

**B. Leave to Amend Complaint**

The Court recognizes that leave to amend a complaint should be freely given to *pro se* litigants. <u>See</u> <u>Lucas v. Dep't of Corr.</u>, 66 F.3d 245, 248 (9th Cir. 1995) ("unless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." ). <u>See also</u> <u>Lopez</u>, 203 F.3d at 1130 (stating that

the Ninth Circuit has repeatedly held that "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts."). Therefore, although the Court recommends that Plaintiff's Application be denied, the Court further recommends that Plaintiff be granted leave to submit a first amended complaint to cure the deficiencies outlined above within thirty (30) days from the date this Findings and Recommendation is acted upon.

If Plaintiff chooses to file a first amended complaint, Plaintiff must write short, plain statements telling the court: (1) the treaty, constitutional right, or statutory right Plaintiff believes was violated; (2) the name of the defendant who violated that right; (3) exactly what the defendant did or failed to do; (4) how the action or inaction of that defendant is connected to the violation of Plaintiff's rights; (5) what specific injury Plaintiff suffered because of that defendant's conduct; and (6) whether the basis for this court's jurisdiction is either federal question or diversity, pursuant to 28 U.S.C. § 1331 or § 1332. See Ketchmark v. United States, Civil No. 09-00540 JMS/BMK, 2009 WL 4797475, at *6 (D. Haw. Dec. 11, 2009) (citing Rizzo v. Goode, 423 U.S. 362, 371-72 (1976)).

Plaintiff is further notified that an amended complaint supersedes the original Complaint. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). After amendment, the court will

treat the original Complaint as nonexistent. Id. As a result, any defendant not named in an amended complaint is no longer a defendant. Id. Further, any cause of action that was raised in the original Complaint is waived if it is not raised in an amended complaint. King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

CONCLUSION

In accordance with the foregoing, the Court HEREBY FINDS AND RECOMMENDS that Plaintiff's Application to Proceed Without Prepayment of Fees, filed July 16, 2012, be DENIED. The Court further FINDS AND RECOMMENDS that Plaintiff should be given LEAVE TO AMEND his Complaint to cure the deficiencies of the Complaint within thirty (30) days from the date this Findings and Recommendation is acted upon. The Court cautions Plaintiff that failure to amend the Complaint within the time frame specified above will result in the automatic dismissal of this action.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, JULY 19, 2012.



Richard L. Puglisi
United States Magistrate Judge

BRODZKI V. UNITED STATES; CIVIL NO. 12-00398 HG-RLP; FINDINGS AND RECOMMENDATION THAT PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES BE DENIED

6